# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

**RAIMA RIMKUS**, on behalf of her minor )
child **GIEDRE RIMKEVICIUTE**, individually )
on their own behalf and on behalf of all other )
members of proposed classes of passengers, )
                                                                          )
                            Plaintiffs, )
                                                                 )
                             v. )      Case No. 16 C 2013
                                                                    )
**SCANDINAVIAN AIRLINES SYSTEM**, )
a foreign corporation, )
                                                                   )
                            Defendant. )

## MEMORANDUM ORDER

On March 1 (yesterday) this Court belatedly received from counsel for Raima Rimkus ("Rimkus") what he characterized as a purported Class Action Complaint at Law together with what purports to be a forwarding letter to this Court dated February 9.[1] That magnum opus comprises fully 87 pages and 353 paragraphs, impermissibly flouting the Twombly-Iqbal canon that confirms the federal court regime as one calling for notice pleading rather than fact pleading and totally flouting the "short and plain statement" requirement set out in Fed. R. Civ. P. 8(a).

For one thing, it is an impermissible imposition on both defense counsel and this Court to require either to cope with such a monstrous and Rule-violative filing. But that aside, an examination of what Rimkus' counsel has sought to do here clearly calls for the present Complaint to be stricken and replaced with something acceptable.

It should be made plain at the outset that this Court expresses no substantive view as to the viability or nonviability of Rimkus' individual claim on behalf of her minor child Giedre

---

[1] See Appendix.

Rimkeviciute. Although this opinion will turn to that subject momentarily, a few words should be said first as to the totally confusing allegation in Complaint ¶ 2:

> That the above-named Plaintiffs are repeating, re-alleging, and adopting §§ 1-16 of preceding sections of this Second Amended Class Action Complaint at Law as set forth fully herein and incorporates them by reference.

In brief, there are no "preceding sections," and just what is meant by referring to a "Second Amended Class Action Complaint at Law" is a total mystery.

To turn to the substance of the Rimkus pleading, its Complaint ¶¶ 3 through 33 deal with delays assertedly suffered by Rimkus and her child in connection with scheduled flights on defendant Scandinavian Airlines System ("SAS") -- an injury that Article 22(1) of the Montreal Convention assertedly caps at $6,652.94 (Complaint ¶ 33). But the effort of Rimkus' counsel to metamorphose that individual claim into a huge class claim[2] plainly smacks of the bankrupt efforts of alchemists in the Middle Ages to transmute base metal into gold.

No doubt SAS (like all airlines) has suffered (and hence its passengers have suffered) delays on many occasions other than the Rimkus-sustained instances complained of here. But nothing said in Rimkus' sprawling Complaint suggests any even arguable predicate for linking those in an ill-fitting suit[3] on the premise that each such delay, with the different causes and

---

[2] Here, for example, is Complaint ¶ 45 (copied verbatim):

> That, upon information and believe, the matter in controversy, exclusive of interest and costs, far exceeds the sum or value of $1,995.882.00 or alternatively the sum of $60,000.00, and is a class action in which some of the members of the Class of plaintiffs, whose number exceeds 100, are citizens of states different from the above-named defendant.

Complaint ¶ 50 later asserts an aggregate ad damnum of $3,917, 764.00 or alternatively $120,000.00.

[3] Bad pun intended.

different circumstances involved, can qualify for coupling a claimed "Class of Passengers" under the Class Action Fairness Act or Rule 23 or otherwise.

Accordingly Rimkus' counsel must return to the drawing board to present an arguably viable Amended Complaint that will conform to Rule 8(a)(2) and, if class relief continues to be sought, will qualify under the relevant standards in that respect. In the meantime the existing Complaint is stricken, with leave granted to file such a suitable Amended Complaint on or before March 25, 2016 -- and Rimkus' counsel is ordered to submit at the same time an explanation of the matter referred to in the Appendix, as well as counsel's check for $100 in compliance with this Court's February 23 memorandum order.

_____
Milton I. Shadur
Senior United States District Judge

Date: March 2, 2016

# APPENDIX

After the foregoing memorandum order had been dictated, transcribed and edited for final issuance, this Court received from its courtroom deputy the computer-generated printout of matters scheduled for March 3 on its status and motion call. That printout listed motions in this case (Dkt. Nos. 5 and 6) of which this Court had no prior knowledge, and a printout of those documents revealed motions that had been filed back on February 24 and noticed up for presentment on March 3, but without Rimkus' counsel having complied with the requirement of this District Court's LR 5.2(f) and this Court's website that expressly requires advance delivery of paper copies to this Court's chambers. That failure on the part of Rimkus' counsel echoes the like failure of the same counsel to have delivered to this Court's chambers a Judge's Copy of his prolix Complaint, a violation that had prompted this Court's February 23 issuance of a brief memorandum order that required delivery of the then-missing copy of the Complaint to this Court's chambers forthwith, accompanied by a check for $100 payable to the "Clerk of the District Court" by reason of the LR 5.2 violation.

Although what has been said to this point enables this Court to include this Appendix as part of the current memorandum order, some further explanation is needed as to the claimed forwarding letter to this Court dated February 9, attached to a copy of the Complaint. Because of the disparity in time between that claimed February 9 letter and its March 1 receipt in this Court's chambers, this Court's judicial assistant called the lawyer listed as defense counsel representing SAS in the body of the asserted forwarding letter and in the "cc" legend below its text, to see whether that defense counsel had in fact received a copy of the forwarding letter and the bulky Complaint. That lawyer denied ever having received either of those documents.

Under the circumstances Rimkus' counsel's currently-noticed-up motions are puzzling indeed. This Court expects an explanation at the time of presentment of those motions.